Eyad Asad
Kayla Morin
COHEN, WEISS AND SIMON LLP
909 Third Avenue, 12th Floor
New York, New York 10022-4731
Tel: (212) 356-0249
easad@cwsny.com
kmorin@cwsny.com

Attorneys for Petitioner Associated Musicians of Greater New York Local 802, AFM

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------ x
ASSOCIATED MUSICIANS OF GREATER NEW   :
YORK LOCAL 802, AFM,                  :
                                      :
                         *Petitioner,* :  Case No.
                                      :
       - v. -                         :
                                      :
JOEY PARNES PRODUCTIONS, LLC,         :
                                      :
                         *Respondent.* :
------------------------------------------------------------------ x

### PETITION TO CONFIRM ARBITRATION AWARD

Petitioner Associated Musicians of Greater New York Local 802 ("Local 802" or the "Union"), AFM, alleges as follows:

#### Introduction

1. This is an action to confirm a labor arbitration award, issued on consent, which adopted a Settlement Agreement between Local 802 and Respondent Joey Parnes Productions, LLC ("Parnes Productions"). Pursuant to the Settlement Agreement, Parnes Productions acknowledged owing certain amounts to two individuals for unpaid labor costs, pension benefit contributions, and facilities fees due under the collective bargaining agreement between Local 802 and The Broadway League (the "League"), a multiemployer bargaining

association of which Parnes Productions is a member. Under the Settlement Agreement, Parnes Productions agreed that the Settlement Agreement would be adopted and issued in a consent arbitration award, and agreed that Local 802 "is entitled to take all action in such court of competent jurisdiction . . . including by confirming the Consent Award, and enforcing the Consent Award and/or this Agreement in Court."

2. Local 802 thus seeks a judgment confirming the award, ordering Parnes Productions to comply with it, and awarding pre-judgment and post-judgment interest, and attorneys' fees and costs.

## Jurisdiction and Venue

3. The Court has jurisdiction pursuant to Section 301(a) of the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185(a), as this is a suit concerning violation of contracts between an employer and a labor organization.

4. Parnes Productions consented to the jurisdiction of the Court pursuant to the December 6, 2024 Settlement Agreement into which it entered with Local 802 and the League.

5. Venue lies in this District under 28 U.S.C. § 185(c), as Local 802 has duly authorized agents engaged in representing employee members in the District. Venue also lies under 28 U.S.C. § 1391(b)(1), as Parnes Productions "resides" in this District within the meaning of 28 U.S.C. § 1391(c)(2), and under 28 U.S.C. § 1391(b)(2), as a substantial part of the events or omissions giving rise to the claim occurred in this District.

## The Parties

6. Local 802 is a labor organization representing employees in industries affecting commerce. Its members include professional musicians who perform in various venues in the New York City area, including the Metropolitan Opera, the New York Philharmonic,

Broadway theaters, sound stages, television shows, and many others. Local 802 also represents Orchestrators and Associate Orchestrators who arrange musical compositions for theatrical and musical productions and performances.

7. Local 802's headquarters are located at 322 West 48th Street, New York, New York 10036.

8. Parnes Productions is an employer that develops, produces, and manages theatrical productions, including in Broadway theaters in New York City. Its principal owner is Joey Parnes.

9. Parnes Productions' principal office is located at 1501 Broadway, Suite 2900, New York, New York 10036.

## The Collective Bargaining Agreements

10. At all times relevant to this proceeding, the League, its constituent members, including Parnes Productions, and Local 802 were parties to a series of collective bargaining agreements ("CBAs") governing terms and conditions of employment for Orchestrators, Associate Orchestrators, musicians, and others covered by the CBAs.

11. The League is, among other things, a multiemployer bargaining association. Its members include producers of theatrical productions that employ Local 802-represented musicians and others in collective bargaining negotiations with Local 802.

12. At all relevant times, Parnes Productions has been a member of the League and an Employer/Producer.

13. The CBAs consist of the March 7, 2016 to March 3, 2019 Agreement (the "2016-19 Agreement"), *see* Declaration of Theresa Couture, dated December 18, 2025 ("Couture Decl."), Exhibit A; the March 4, 2019 to March 6, 2022 Memorandum of Agreement (the "2019-22 MOA"), *see id.*, Exhibit B; and the March 7, 2022 to March 3, 2024 Memorandum of

3

Agreement (the "2022-24 MOA"), *see id.*, Exhibit C. Each agreement following the 2016-19 Agreement supplemented and modified, in part, the prior agreement.

14. Article XXIII of the 2016-19 Agreement contains a grievance-arbitration procedure for the resolution of disputes between the parties. Article XXIII.C states: "In the event that [a] grievance is not resolved . . . either the Employer/Producer or the Union may submit the matter to arbitration before the American Arbitration Association." *See* Couture Decl., Exhibit A. Article XXIII.D provides, in relevant part, that "[t]he decision of the arbitrator shall be final and binding upon the parties and their members, and shall not be subject to Court review except that either party may petition an appropriate Court for the enforcement of an award, if necessary." *See id.*

15. Article XXIII of the 2016-19 Agreement was not modified by the 2019-22 MOA or the 2022-24 MOA. *See id.*, Exhibits A–C.

## The Consent Award

16. From March 1, 2022 through December 31, 2023 (the "Production Period"), Parnes Productions produced *Bob Fosse's Dancin'*, a Broadway show.

17. During the Production Period, Parnes Productions retained an Orchestrator and an Associate Orchestrator to prepare orchestrations and arrangements for *Bob Fosse's Dancin.'*

18. Parnes Productions failed to pay the Orchestrator and Associate Orchestrator for their services rendered, failed to pay the Orchestrator for facilities fees, and failed to remit contributions to the Musicians' Pension Fund (the "Pension") on behalf of the Orchestrator and Associate Orchestrator, all of which were required under the 2022-24 MOA.

19. On August 22, 2023, Local 802 filed a grievance against Parnes Productions over its failure to remit the payments described above. The parties did not resolve the grievance, and Local 802 subsequently demanded and filed for arbitration.

20. Julie A. Torrey, Esq. was appointed as the arbitrator ("Arbitrator").

21. On December 6, 2024, prior to an arbitration hearing being held, Local 802, Parnes Productions and the League entered into a Settlement Agreement resolving the grievance and arbitration. The Settlement Agreement provided, in part, that "The Parties agree to submit this [Settlement] Agreement to Arbitrator Torrey for the issuance of a Consent Award adopting the terms of this Agreement."

22. The parties to the Settlement Agreement thereafter submitted the Settlement Agreement to the Arbitrator, and, on December 19, 2024, the Arbitrator issued a Consent Award. *See* Couture Decl., Exhibit D. The Settlement Agreement is attached as Exhibit "A" to the Consent Award.

23. The Consent Award provides, in relevant part:

   1. The Settlement Agreement, dated December 6, 2024, between The Broadway League (Bob Fosse's Dancin'), Joey Parnes Productions, LLC and the Associated Musicians of Greater New York, Local 802 AFM, AFL-CIO, attached hereto as Exhibit "A", shall be adopted in full as the formal resolution of this matter.

   2. This Consent Agreement states the full agreement between the parties and complete resolution of this matter.

*See id.*

24. Pursuant to Paragraph 11 of the Settlement Agreement, Parnes Productions also agreed that it "further admits, accepts, and voluntarily submits to the jurisdiction of the Court in any action to enforce the Consent Award and this [Settlement] Agreement." *Id.*

5

25. The Consent Award has not been vacated, modified or corrected.

26. The 90-day statute of limitations to seek to vacate, modify, correct or otherwise challenge the validity of the Consent Award has passed.

27. To date, Parnes Productions has not remitted any of the amounts it agreed were due and owing under the Consent Award and Settlement Agreement.

## Request for Relief

28. Local 802 seeks a judgment confirming the Consent Award pursuant to LMRA Section 301(a), the terms of the Settlement Agreement, and the CBAs.

WHEREFORE, Local 802 respectfully requests that the Court issue a judgment:

(a) confirming the Consent Award;

(b) directing Parnes Productions to comply with the Consent Award;

(c) providing that Parnes Production shall pay pre-judgment interest, post-judgment interest, and Local 802's attorney's fees and costs incurred in connection with this action; and

(d) providing such other and further relief as the Court may deem just and proper.

Dated: December 18, 2025

/s/ *Eyad Asad*

Eyad Asad
Kayla Morin
COHEN, WEISS and SIMON LLP
909 Third Avenue, 12th Floor
New York, New York 10022-4731
(212) 356-0249
easad@cwsny.com
kmorin@cwsny.com

*Attorneys for Petitioner Associated Musicians of Greater New York Local 802, AFM*

6

## **CERTIFICATE OF SERVICE**

I hereby certify that on December 18, 2025 a true and correct copy of the foregoing Petition was sent by Federal Express Overnight delivery service, USPS First Class Mail and email to Petitioner, Joey Parnes at Joey Parnes Productions at their last known address:

>Joey Parnes
>Joey Parnes Productions
>1501 Broadway, Suite 2900
>New York, NY 10036
>joey@parnesoffice.com

>*/s/ Eyad Asad*
>Eyad Asad